T.C. Memo. 2018-4

UNITED STATES TAX COURT

JOHN ANTHONY GLENNON, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27062-16.                    Filed January 16, 2018.

John Anthony Glennon, pro se.

<u>David W. Sorensen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined a $2,425 income tax deficiency for petitioner's 2014 taxable year.  The deficiency is solely attributable to respondent's determination that petitioner failed to include $9,686 of cancellation of indebtedness income, which is the issue before the Court.

[*2]                              FINDINGS OF FACT

Petitioner resided in Nevada at the time his petition was filed. While traveling, petitioner was approached in an airport by someone with an offer for petitioner to purchase a Southwest Airlines ticket good for any round-trip destination in the United States for $59. Petitioner thought it was a good deal, and he filled out what he believed was an application for the $59 ticket. Several weeks later, petitioner received a Southwest Airlines credit card (card) that was issued by Chase Bank. At the time the card arrived, petitioner was experiencing financial difficulties, and he used the card to pay living and related expenses.

He charged approximately $12,000 and had fallen behind in payments on the card debt. During 2014 he was contacted by the issuing bank and was offered a deal to settle the outstanding debt by the payment of a lesser amount, which petitioner agreed to with the expectation that he would have no further obligations or liabilities with respect to the debt. What ultimately happened, however, was that the bank applied the settlement amount toward interest and a portion of the debt, leaving a balance of $9,686. The bank then canceled the debt and issued a Form 1099-C, Cancellation of Debt, for cancellation of indebtedness income to petitioner and to the Internal Revenue Service.

**[\*3]**  Petitioner did not report the $9,686 on his 2014 Federal income tax return because it was his understanding that the debt had been resolved by his settlement with the bank.  In other words, petitioner did not understand the concept of cancellation of indebtedness income.  Respondent contacted petitioner and, ultimately, determined an income tax deficiency attributable to the unreported cancellation of indebtedness income under section 61(a)(12)[1], and petitioner filed a timely petition with this Court.

OPINION

Section 61(a)(12) provides that gross income includes income from cancellation of indebtedness.  The relevant statutory exception to the inclusion of income for cancellation of indebtedness applies where the recipient is insolvent at the time of the cancellation.[2]  <u>See</u> sec. 108(a)(1)(B).

Petitioner argues that the bank lured him into obtaining the card under the guise of selling him a reduced-price round-trip ticket on Southwest Airlines; and but for the fact that he was on hard financial times, he would not have incurred the debt.  Petitioner also argues that he was deceived by the bank's offer to "settle" the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

[2]We note that petitioner bears the burden of proving insolvency under sec. 108(a)(1)(B).  <u>See, e.g.,</u> <u>Shephard v. Commissioner</u>, T.C. Memo. 2012-212.

**[*4]** debt by payment of a lesser amount.  Petitioner has not alleged or shown that he was insolvent at the time the debt was canceled.

Although petitioner believes that he was a victim and we agree that his circumstances are sympathetic, as a matter of law the cancellation of debt is taxable to him.  Accordingly, respondent's determination of a $2,425 income tax deficiency for 2014 was not in error.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.